# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

DALISHA WALLER,               )
                             )
     Plaintiff,               )
                             )
vs.                          )     Case No.  2:26-cv-04111-MDH
                             )
COLUMBIA HOUSING AUTHORITY, et al.,   )
                             )
     Defendant.               )

## ORDER

Before the Court are Defendants' Motions to Dismiss for Failure to State a Claim. (Docs. 55, 59, and 70). Plaintiff Dalisha Waller filed a First Amended Complaint on June 23, 2026 (Doc. 36). Defendants file these motions under Rule 12(b)(6) as Plaintiff's claims as pled in the First Amended Complaint fail to state a claim upon which relief can be granted. Counts I, II, and III of Plaintiff's First Amended Complaint make allegations against "Defendants." The Court construes Counts I-III to be directed at Defendant Columbia Housing Authority and the CHA Employees only. Count IV is pled solely against Defendant Evelyn Mitchell d/b/a Mitchell Rentals. Count V is a claim for Conflict of Interest which on its face appears to be directed at a non-party.

## STANDARD

A court must dismiss a claim when the plaintiff fails to plead facts showing a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby, sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). An action fails to state a claim upon which relief can be granted if it does not allege "enough facts to

1

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A pro se litigant such as Plaintiff is not excused from complying with procedural rules. *Brown v. Frey*, 806 F.2d. 801, 804 (8th Cir. 1986). While a pro se plaintiff is held to less stringent pleading standards than formal pleadings drafted by lawyers, pleadings by pro se litigants must not be conclusory and must state enough facts which, when taken as true, support the claims advanced. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

DISCUSSION

## I. Claims I, II, III – Against "Defendants"

Count I brings a First Amendment Retaliation claim; Count II brings a Due Process (Fourteenth Amendment) claim; Count III brings an Equal Protection claim. The First Amended Complaint contains conclusory allegations that "Defendants" (plural) unlawfully retaliated against Plaintiff and violated her rights to due process and equal protection under the Fourteenth Amendment, in connection with alleged record alterations, address changes, and administrative actions by the Columbia Housing Authority and the CHA Employees. It attributes no specific conduct to Defendant Mitchell or Defendant Real Property Group constituting state action or otherwise identifying any specific act of wrongdoing by Defendants Mitchell or RPG individually.

Therefore, Counts I-III against Defendants Mitchell and RPG are hereby dismissed without prejudice. The CHA Employees will be discussed in turn.

Count I – Defendant Columbia Housing Authority and the CHA Employees

2

To prevail on a First Amendment retaliation claim, a plaintiff must show protected activity, adverse action and causation – specifically: (1) that she engaged in activity protected by the First Amendment; (2) that the defendant took action against her that was sufficiently serious to chill a person of ordinary firmness from engaging in protected activity; and (3) that the defendant took the adverse action in retaliation for the protected activity. See *Zutz v. Nelson*, 601 F.3d 842, 848–49 (8th Cir.2010). The defendant's retaliatory motive must be a but-for cause of the retaliation; a plaintiff cannot recover if the defendant would have taken the same adverse action even in the absence of the improper motive. *Osborne v. Grussing*, 477 F.3d 1002, 1006 (8th Cir.2007).

Plaintiff brings Count I against CHA and six CHA employees. However, the First Amended Complaint alleges no facts or separate acts of retaliation by any identified individual actors specifically. Therefore, the individual employees shall be dismissed.

As for Defendant CHA, Plaintiff has sufficiently alleged complaints and requests that constitute protected activity under the First Amendment. Similarly, Plaintiff alleges adverse actions that Defendant CHA took against her including, "delaying responses, failing to provide required correspondence, and withholding or altering documents maintained by the Housing Authority." As for causation, construing *Pro Se* Plaintiff's First Amended Complaint liberally, at the motion to dismiss stage, she has sufficiently shown that the adverse actions took place after her protected activity.

Therefore, the Motion to Dismiss Count I as to Defendant CHA is hereby **DENIED**. As stated above, the individual CHA employees shall be dismissed from this action without prejudice. The only remaining Defendant on Count I is the CHA.

Count II – Due Process - Defendant Columbia Housing Authority

3

In Count II – Due Process, Plaintiff does not allege whether she brings a procedural due process violation or a substantive due process violation.

Procedural Due Process

Procedural due process issues involve a two-step inquiry. First, to obtain relief, the complaining party must have possessed a liberty or property interest which has been infringed by governmental interference. The next step inquires into whether the procedures attendant to that deprivation were constitutionally sufficient. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989).

To have a protected property interest in the receipt of a public benefit—such as public housing—"a person clearly must have more than an abstract need or desire for it," or "a unilateral expectation of it," for he must "have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Any deprivation of a protected property interest must be preceded by notice and by an opportunity to be heard. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950).

Plaintiff's First Amended Complaint does not expressly identify or specify a protected property interest in housing-related benefits. She does not describe the origin or source of those benefits nor her history or course with the benefits. She makes a vague reference to some type of utility assistance without describing the nature or source of such assistance. Based on the allegations in the First Amended Complaint, the Court cannot determine what protected interest was allegedly taken from Plaintiff. Therefore, a Procedural Due Process claim by Plaintiff fails.

4

<u>Substantive Due Process</u>

The Constitution embodies a concept of substantive due process, which prevents Government actors from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty. *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987); *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir.1994). Substantive due process claims are, therefore, analyzed under two tests. First, the Government is forbidden from infringing upon certain "fundamental" liberty interests to any degree—no matter what process is provided—unless the infringement is narrowly tailored to serve a compelling governmental interest. *Brown v. Nix*, supra at 953, citing *Reno v. Flores*, 507 U.S. 292, 301, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993). Second, the Government's conduct somehow "must shock the conscience or otherwise offend our judicial notions of fairness, or must be offensive to human dignity." *Brown v. Nix*, supra at 953, citing *Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir.1989).

The First Amended Complaint generally alleges possible loss of: utility assistance, housing benefits, accurate records, lease administration. These are generally not fundamental rights and Amended Complaint fails to describe details regarding the source, nature or extent of the benefit or the basis of Plaintiff's entitlement to the same. Therefore, a Substantive Due Process claim by Plaintiff fails.

For the reasons stated, Count II is hereby dismissed without prejudice as to Columbia Housing Authority.

<u>Count III – Equal Protection - Columbia Housing Authority</u>

Count III brings an Equal Protection claim. The Plaintiff asserts that she is being denied equal protection of the laws because she was "subjected to inconsistent and adverse administrative

5

treatment while other participants were afforded ordinary processing, notice and procedural safeguards." (Doc. 36 at ¶ 18).

The Fourteenth Amendment's Equal Protection Clause requires Government actors to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); see also, *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir.1994), cert. denied, 513 U.S. 1185, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995).

Plaintiff does not claim membership in a suspect class, nor does she persuasively allege the deprivation of a recognized fundamental right. Accordingly, this Court will review her equal protection claim under a rational basis standard. *Id.*, 473 U.S. at 441–43, 105 S.Ct. at 3255–56; *More v. Farrier*, 984 F.2d 269, 271 (8th Cir.1993), cert. denied, 510 U.S. 819, 114 S.Ct. 74, 126 L.Ed.2d 43 (1993).

Under this standard, a plaintiff prevails only if: (1) she can demonstrate that he is similarly situated with persons who were treated differently by defendant, and (2) defendant has no rational basis for this dissimilar treatment. *Id.*; *More v. Farrier*, supra at 271; *Moreland v. United States*, 968 F.2d 655, 660 (8th Cir.1992), cert. denied, 506 U.S. 1028, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992).

Plaintiff's equal protection claim fails because she has not plausibly alleged that CHA has treated her differently than others who are similarly situated. While Plaintiff does make the conclusory statement that "others were subject to ordinary processing," it is merely that, a conclusory statement. Plaintiff does not provide who those others were, how their alleged treatment differed from Plaintiff's, or the difference between and that which Plaintiff's application

6

received. Plaintiff's allegation may support an inference of disparate treatment, but additional facts connecting the different treatment to the protected activity or protected are needed to state a plausible claim. Plaintiff's First Amended Complaint does not contain enough factual matter to show a plausible Equal Protection claim.

For the reasons stated, Count III is hereby dismissed without prejudice as to Columbia Housing Authority.

### II.      Count IV – Vicarious Liability for Defendant Mitchell

Count IV alleges that Defendant Mitchell, as record title owner of the property located at 1646 Towne Drive, Columbia, Missouri, operating under the trade name Mitchell Rentals, is vicariously liable for the conduct of her property management agent, Defendant Real Property Group, LLC ("RPG"), under theories of respondeat superior and agency law. (Doc. 36 ¶¶ 32–35).

Counts I-III have been dismissed against Defendant RPG. Therefore, any claim under theories of respondeat superior and agency law do not exist.  For the reasons stated, Count IV is hereby dismissed without prejudice in its entirety.

### III.    Count V

Count V purports to bring a Conflict of Interest claim (if that is a viable cause of action) because Rigel Oliveri, who is not a defendant in this lawsuit, holds multiple positions.

A complaint must allege facts supporting each element of a cognizable claim. Construing the pleadings liberally, this Count does not identify any actionable cause of action. It alleges only that one individual who is not a party to this lawsuit holds multiple positions. It alleges no acts, omissions, statements, decisions, or transactions. It never explains how Plaintiff was harmed by

these affiliations. Even if Plaintiff suffered an injury elsewhere in the complaint, this paragraph does not connect these institutional relationships to that injury. Count V does not bear on any element of any cause of action. Therefore, for the reasons stated, Count V is hereby dismissed without prejudice in its entirety.

## <u>CONCLUSION</u>

Upon review, Defendants' Motions to Dismiss Counts II-V are **GRANTED** without prejudice. Defendant CHA's Motion to Dismiss Count I is **DENIED** as to Defendant CHA. As stated above, the CHA employees are dismissed without prejudice from this action.

**IT IS SO ORDERED.**

Date:  July 30, 2026

/s/ *Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**