**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **DALISHA WALLER,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **COLUMBIA HOUSING AUTHORITY, et al.,** <br><br> **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:26-cv-04111-MDH** |

**ORDER**

Before the Court is defendant Columbia Housing Authority's Motion for Reconsideration and Suggestions in Support. (Doc. 78). Defendant moves the Court to reconsider its prior ruling on the motions to dismiss. Specifically, Defendant argues that the Court failed to address CHA's argument that Plaintiff failed to state a claim for *Monell* liability against CHA because the Complaint fails to plead that the alleged retaliation against Plaintiff arises from an official policy, practice, or custom of CHA.

The Court has reviewed the First Amended Complaint, and Defendant's motion for reconsideration, and finds the argument well taken. The Court's Order did not address the *Monell* liability challenge. As a result, the Court provides the following analysis and ruling:

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that she was deprived of a right secured by the Constitution and the laws of the United States by a person acting under color of state law. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). "Liability under § 1983 for a governmental entity must be based upon an official custom, policy, or practice of the [entity] that causes the constitutional deprivation." *Palmore v. City of Pacific*, 851 F. Supp. 2d 1162, 1174

(E.D. Mo. 2010) (citing *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690–94 (1978); see also *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."). "Liability will not attach simply because the municipality employs the alleged tort-feasor." *Palmore*, 851 F. Supp. 2d at 1174.

The CHA was created pursuant to § 99.040 R.S.Mo and is a municipal corporation and political subdivision of the State of Missouri. As a result, it is only subject to suit for constitutional violations arising from its official policy, custom, or practice. A review of Plaintiff's allegations in the First Amended Complaint does not identify any policy, custom, or practice of the CHA that caused the constitutional violations she alleges.

The Court agrees with Defendant that Plaintiff alleges "Defendants" committed various acts which infringed upon her constitutional rights, but does not claim that any of these acts were the result of any policy, custom, or practice of the CHA. In Count I, Plaintiff alleges that "Defendants" would not reimburse her for money she paid to her landlord. In Count II, Plaintiff alleges "Defendants" have "altered Plaintiff's lease documents" and other records; did not provide her with an opportunity to review or contest changes; discontinued Plaintiff's utility assistance without a hearing; and provided incomplete records. And in Count III, Plaintiff alleges she was treated differently from similarly situated participants and that the CHA violated federal regulations related to record-keeping and annual reexaminations.

Taking all of these allegations in a light most favorable to Plaintiff, Plaintiff's claim do not allege a policy, custom, or practice of the CHA which led to the alleged constitutional violations. Because Plaintiff has failed to identify a policy, custom, or practice of the CHA as required to state

a claim for *Monell* liability, Plaintiff has failed to state a claim upon which relief can be granted.

Wherefore, the Court **GRANTS** Defendant's motion for reconsideration. (Doc. 78). Defendant's motion to dismiss Plaintiff's claims against the CHA is granted. The Court dismisses Plaintiff's First Amended Complaint against CHA without prejudice for failure to state a claim.

**IT IS SO ORDERED.**

Dated: August 25, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**